**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JASON BUTLER AND THOMAS C. PRICE, JR.**

**VERSUS**

**WALTER E. AUGUSTINE AND ENTERPRISE INTEGRATION CORPORATION**

**CIVIL ACTION NO.**

**JUDGE**

**MAGISTRATE**

*****************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Jason Butler ("Butler") and Thomas C. Price, Jr. ("Price"), who respectfully allege as follows:

### PARTIES

1.

Made parties herein are:

a. Plaintiff, **Butler**, a person of the full age of majority and resident of the state of Virginia;

b. Plaintiff, **Price**, a person of the full age of majority and resident of the state of Virginia;

c. Defendant, **Walter E. Augustine** ("Augustine"), a person of the full age of majority and resident of the state of Maryland; and

d. Defendant, **Enterprise Integration Corporation** ("EIC"), is a Louisiana corporation authorized to do and doing business in the State of Louisiana, with its principal place of business in the District of Columbia.

### VENUE AND JURISDICTION

2.

Venue in this action is proper under 28 U.S.C. § 1391.

3.

Jurisdiction is founded on 28 U.S.C. 1332, as diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

The United States District Court for the Eastern District of Louisiana has original, general, and subject matter jurisdiction over this matter under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

**FACTUAL BACKGROUND**

5.

Defendant EIC is a government contractor that provides information technology and cloud delivery services, system integration and software development, big data analytics, cyber security and other assistance to various security agencies of the United States Government.

6.

Butler joined EIC as a partner, to serve as a President and Managing Partner of EIC, while Price was hired by EIC to also serve as a Managing Partner. Butler and Price are Veterans of the United States Military with security clearances and were employed by EIC to expand EIC's customer base, secure contracts, procure security clearances for the company, and recruit and retain personnel.

7.

As part of their employment package, Augustine guaranteed Butler and Price future ownership percentages and revenue growth in EIC.

8.

Butler and Price utilized their business reputations and contacts within the intelligence community to secure various contracts for EIC. Additionally, through Butler's efforts, EIC was

able to secure Secret Facilities Clearance and Top Secret Facilities Clearance, which it did not previously have.

9.

These contracts proved to be very lucrative for EIC, and at times, the contracts secured by Butler and Price produced EIC's only revenue.

10.

Moreover, although Butler and Price diligently worked to secure contracts, procure security clearances and expand EIC's customer base, at times utilizing their own financial resources, they did not receive employee wages from EIC.

11.

Butler and Price's willingness to devote their own financial resources to EIC, further demonstrates that their efforts were directly tied to the guarantee of ownership interests in EIC promised to them by Augustine.

12.

In connection with aforementioned contracts, EIC was required to submit Key Management Position Lists ("KMPLs"), Foreign Ownership, Control or Influence packages ("FOCIs") and/or an electronic facility security clearance submissions ("e-FCLs") to federal government organizations such as the Central Intelligence Agency, Office of the Director of National Intelligence, the United States Department of Defense, the National Security Agency, and several other defense security services. These documents were critical to the federal government in approving contracts.

13.

Within the KMPLs, FOCIs, and e-FCLs, Augustine certified that Butler and Price each were stockholders and officers of EIC.

14.

Augustine and EIC continued to make such ownership and officer representations until Butler's employment with EIC was terminated on September 15, 2017. Price was subsequently forced to resign from EIC in December of 2017.

15.

In correspondence regarding Butler's termination from EIC, Augustine repeatedly acknowledged Butler and Price's ownership interest in EIC.

16.

Although negotiations relating to the termination of ownership interests in EIC progressed, such discussions were eventually unilaterally terminated by Augustine, without tendering to Butler and Price their stock or redeeming their interests in EIC.

17.

Augustine now denies any ownership interest of Butler or Price in EIC.

18.

Further, upon information and belief, EIC has failed to file company tax (federal and state) and withholding returns for the past 4 years.

19.

Despite EIC's continued representations to Butler, Price, and numerous federal governmental entities, that Butler and Price were employees, officers, and owners of EIC, EIC issued a 1099 to Butler and Price for tax year 2017.

20.

The improper classification of the Plaintiffs' employment status with EIC, as contractors, and issuance of the 1099s resulted in significant tax liability for the Plaintiffs and violates the Internal Revenue Code.

21.

EIC's improper filings and failure to file the appropriate tax documents could impact EIC's, Butler's, and Price's federal government security clearances, business opportunities, and result in penalties, audits, or prosecutions by the Internal Revenue Service ("IRS").

## AMICABLE DEMAND

22.

Plaintiffs have made amicable demand upon Defendants, to no avail.

## CAUSES OF ACTION

### Breach of Contract

23.

Plaintiffs hereby incorporate, as if copied herein *in extenso*, all of the allegations made previously herein.

24.

As more particularly described above, Defendants entered into valid and enforceable contracts of employment with EIC whereby EIC agreed to transfer ownership in EIC to Butler and Price.

25.

Defendants breached these contracts by failing to recognize Butler and Price's ownership interests in EIC, prior to and upon their departure from EIC.

26.

As a result of Defendants' breach of these contracts, Plaintiffs suffered damages including but not limited to: loss of revenue and profits, diminution of business and stock value, loss of business opportunity, loss of reputation, and attorneys' fees and costs incurred in connection with this litigation.

**Fraud**

27.

Plaintiffs hereby incorporate, as if copied herein *in extenso*, all of the allegations made previously herein.

28.

As more particularly described above, Defendants intentionally and fradulently induced Butler and Price to serve as a President and Managing Partners of EIC, and to expand EIC's customer base, secure contracts, procure security clearances, and recruit and retain personnel by guaranteeing ownership interests in EIC in exchange for such efforts in violation of Louisiana Civil Code article 1953.

29.

Augustine's assurances of ownership transfers to Butler and Price was the determining factor in both Butler and Price's decision to work for EIC and forgo other business opportunities.

30.

As a result of Defendants' fraudulent inducement, Plaintiffs suffered damages including but not limited to: loss of revenue and profits, diminution of business value, loss of business opportunity, loss of reputation, and attorneys' fees and costs incurred in connection with this litigation.

**Detrimental Reliance**

31.

Plaintiffs hereby incorporate, as if copied herein *in extenso*, the allegations made previously herein.

32.

As described above, Butler and Price obligated themselves to EIC for the purpose of obtaining ownership in EIC and reasonably relied on Augustine's oral and written assurance of such ownership transfers to them and to varies federal government organizations.

33.

Augustine knew or should have known that the ownership transfers, and assurances of the same, to Butler and Price would induce them to work for EIC and forgo other business opportunities, to their detriment, in violation of Louisiana Civil Code article 1967.

34.

Moreover, as a result of Plaintiffs' detrimental reliance, Plaintiffs have suffered damages including but not limited to: loss of revenue and profits, diminution of business value, loss of business opportunity, loss of reputation, and attorneys' fees and costs incurred in connection with this litigation.

**Unjust Enrichment**

35.

Plaintiffs hereby incorporate, as if copied herein *in extenso*, all of the allegations made previously herein.

36.

In the alternative, and only in the event that Plaintiffs' claims set forth above are deemed insufficient, Plaintiffs are entitled to damages for the unjust enrichment of Defendants in accordance with Louisiana Civil Code article 2298.

37.

Defendants failure to recognize the respective ownership rights in EIC to Butler and Price as agreed, despite Butler and Price's efforts, personal financial contributions to EIC, results in Defendants inequitably and unjustifiably benefiting monetarily to the detriment of Plaintiffs.

38.

Accordingly, if the Court cannot enforce Plaintiffs' claims set forth above, then Plaintiffs are entitled to damages for the full value of the amounts comprising the unjust enrichment of Defendants.

## Declaratory Judgment

39.

Plaintiffs hereby incorporate, as if copied herein *in extenso*, all of the allegations made previously herein.

40.

Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C.A. § 2201, Plaintiffs seek Declaratory Relief in the form of an order declaring that Butler and Price are stockholders of EIC, in accordance with the oral transfer of company ownership made to Butler and Price by Augustine.

## PRAYER FOR RELIEF

**WHEREFORE**, Butler and Price pray:

A. That certified copies of this Complaint be served on Augustine and EIC and that they be

cited to appear and answer the same;

B. For judgment in favor of Butler and Price and against Augustine and EIC on each count of in this Complaint;

C. For judgment declaring that Butler and Price are stockholders of EIC; and

D. For all other relief that may be available and just in law or equity including, but not limited to, all costs of these proceedings, pre- and post-judgment interest and reasonable attorneys' fees incurred in the prosecution of this action.

Respectfully Submitted:

/s/ Susan N. Eccles
John B. Dunlap III (Bar # 19431)
Jennifer A. Fiore (Bar # 28038)
Susan N. Eccles (Bar # 29847)
Katelin H. Varnado (Bar # 35498)
**DUNLAP FIORE, LLC**
6700 Jefferson Highway, Building # 2
Baton Rouge, LA 70806
Telephone: (225) 282-0660
Facsimile: (225) 282-0680
*Attorneys for Jason Butler and Thomas C. Price, Jr.*

**PLEASE ISSUE SUMMONS TO:**

Walter E. Augustine
Enterprise Integration Corporation
2201 Wisconsin Ave, Suite 300
Washington, DC 20007

Enterprise Integration Corporation
c/o Jesse Augustine, Registered Agent
8004 Bass Street
New Orleans, LA 70128